UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. Action No. 21-0246 (3) (ABJ) |
| PAUL BELOSIC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

The government has filed a motion pursuant to Federal Rule of Criminal Procedure 48(a) asking the Court to dismiss the indictment against the defendant with prejudice. Dkt. # 242. Among other things, the grand jury charged the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully engaged in the lawful performance of their official duties during a civil disorder.

Under Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). While it is well-established that the decision to bring or dismiss a case, and whether a dismissal should be with or without prejudice, are matters committed to the prosecutor's discretion, the words "leave of court" in the Rule "obviously vest some discretion" in the presiding court to review the government's motion. *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). *See also United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973) (explaining that Rule 48(a) was not intended "to serve merely as a rubber stamp for the prosecutor's decision"). The D.C. Circuit has directed courts in this district to consider both their "role of guarding against abuse of prosecutorial discretion" and "the public interest" in reviewing a Rule 48(a) motion. *Ammidown*, 497 F.2d at 620.

1

However, in this district, there is a "strong presumption in favor of a no-prejudice dismissal." *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989). Only when "circumstances are 'exceptional,' such as where a dismissal without prejudice 'would result in harassment of the defendant or would otherwise be contrary to the manifest public interest,'" should the court grant a dismissal with prejudice. *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015), quoting *Poindexter*, 719 F. Supp. at 10. Since it is the government that is seeking the dismissal with prejudice, based upon the Presidential Proclamation issued on January 20, 2025, the Court finds that the risk to the defendant of harassment through re-prosecution is minimal, if not non-existent. But the government's motion is devoid of any grounds for why dismissal with prejudice would serve the public interest. Indeed, in the Court's view, in the absence of any showing that the indictment was legally or factually flawed, it would be directly contrary to the manifest public interest in upholding the rule of law.

Moreover, a dismissal with prejudice would dishonor the hundreds of law enforcement officers who put their lives on the line against impossible odds to protect not only the U.S. Capitol building and the people who worked there – who were huddled inside in terror as windows and doors were shattered – but to protect the very essence of democracy: the peaceful transfer of power. It would dishonor those valiant officers who fulfilled their oaths to "support and defend the Constitution of the United States against all enemies, foreign and domestic." 5 U.S.C. § 3331. They are the patriots. Patriotism is loyalty to country and loyalty to the Constitution – not loyalty to a single head of state.

No stroke of a pen and no proclamation can alter the facts of what took place on January 6, 2021. When others in the public eye are not willing to risk their own power or

popularity by calling out lies when they hear them, the record of the proceedings in this courthouse will be available to those who seek the truth.

Therefore, the government's motion is **GRANTED** in part and **DENIED** in part, and the indictment is hereby dismissed without prejudice.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  January 23, 2025